UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAMS ARMS, INC.,

        Plaintiff,

vs.                                      Case No. 8:10-CV-146-T-27TGW

SIG SAUER, INC.,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment of Non-Infringement (Dkt. 65), to which Plaintiff has responded (Dkt. 71). Upon consideration, the motion is GRANTED.

In a previous Order (Dkt. 61), the Court construed U.S. Patent No. 7,469,624 (the "'624" patent). The Court construed independent claim 1's "bolt carrier key being configured to mount directly to a bolt carrier, said bolt carrier key moving synchronously with said bolt carrier," '624 patent, col. 9, ll. 9-11, as requiring a bolt carrier key having a structure that enables it to be subsequently mounted to a separate bolt carrier. On the basis of this claim construction, the Court found that the integrated carrier key of the accused device, Defendant's SIG516 rifle, did not literally meet the '624 patent's carrier key limitation and that Plaintiff had failed to demonstrate a likelihood of demonstrating at trial that the SIG516's integrated carrier key is a substantial equivalent to that limitation. On the ground that a finding of such equivalence is precluded as a matter of law, Defendant now moves for summary judgment of non-infringement.

1

*Standard*

Summary judgment is proper if, following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249. Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable jury could find for the non-moving party. *Id.*

*Discussion*

Summary judgment of non-infringement is proper if no reasonable jury could find that a claim limitation is met in the accused device by an equivalent. *Optical Disc Corp. v. Del Mar Avionics*, 208 F.3d 1324, 1335-36 (Fed. Cir. 2000).

"Under the doctrine of equivalents, 'a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is equivalence

2

between the elements of the accused product or process and the claimed elements of the patented invention.'" *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1357 (Fed. Cir. 2005) (quoting *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)).

"Under the insubstantial differences test, '[a]n element in the accused device is equivalent to a claim limitation if the only differences between the two are insubstantial.'" *Voda v. Cordis Corp.*, 536 F.3d 1311, 1326 (Fed. Cir. 2008) (quoting *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1139 (Fed. Cir. 2004)). Under the function-way-result test, an element in the accused device is equivalent to a claim limitation if it "'performs substantially the same function in substantially the same way to obtain substantially the same result.'" *Id.* (quoting *Schoell v. Regal Marine Indus., Inc.*, 247 F.3d 1202, 1209-10 (Fed. Cir. 2001).

*Claim Construction*

As noted above, the Court previously construed independent claim 1's "bolt carrier key being configured to mount directly to a bolt carrier, said bolt carrier key moving synchronously with said bolt carrier," '624 patent, col. 9, ll. 9-11 (the "carrier key limitation"), as requiring a bolt carrier key having a structure that enables it to be subsequently mounted to a separate bolt carrier. In its response to the instant motion, Plaintiff (1) offers a modification ("bolt carrier key designed to sit securely on a bolt carrier" [Dkt. 71 at 9]) of its previously proposed construction (bolt carrier key "securely affixed or fastened, either permanently or temporarily," to a bolt carrier [Dkt 5 at 9]), (2) argues that the term "configured" does not express any "relation" between the carrier key and the bolt carrier but merely indicates the design of the carrier key, and (3) contends that the Court's construction erroneously imports both a functional limitation (limiting the means by which the

carrier key may be mounted to the bolt carrier) from the preferred embodiments and adds an unnecessary temporal limitation (the adverb "subsequently").

The Court is not persuaded. In context, the phrase "configured to mount" denotes both relation and function. First, the Court is at a loss to understand how, in describing a bolt carrier key that is "configured to mount directly to a bolt carrier," the claim drafter did not express a relation between the two objects. Second, although the Court is mindful of the Federal Circuit's admonition that "[a]n invention claimed in purely structural terms generally resists functional limitation," *Toro Co. v. White Consol. Indus., Inc.*, 266 F.3d 1367, 1371 (Fed. Cir. 2001), the relation here appears functional. In the ordinary sense of the words, a carrier key designed "to mount . . . to" a bolt carrier is intended to mount and has the capacity to mount to (or be mounted to–the Court finds no substantive difference between the passive and active infinitive constructions in this context) that object. Moreover, when read in the context of the specification, claim 1's carrier key's function of mounting (or capacity to be mounted) directly to a separate bolt carrier is essential to accomplishment of a key objective and distinguishing feature of the invention–to provide a direct drive system that does not require replacement or machined[1] modification of the bolt carrier or other core parts of the rifle. *See* '624 patent, col. 1, ll. 39-47; col. 2, ll. 14-16 & 38-40.

The preamble to claim 1 recites: "A direct drive retrofit system for use with an [sic] a rifle

---

[1] Pursuant to the Federal Circuit's claim differentiation rule, *see Phillips v. AWH Corp.*, 415 F.3d 1303, 1314-15 (Fed. Cir. 2005) (en banc) ("[T]he presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim."), and in view of claim six (which covers "[t]he direct drive retrofit system of claim 1 wherein said direct drive retrofit system can be installed on said rifle *without modification of said barrel and said bolt carrier*," '624 patent, col. 10, ll. 28-30 [emphasis added]), claim 1 appears to cover a direct drive system whose installation requires *some* modification of the barrel or bolt carrier or both. *But see* '624 patent, col. 2, ll. 38-40 ("[T]he present invention provides a retrofit system that does not require modification to the existing core parts of the rifle, such as the stock, barrel, bolt carrier, and such.").

for conversion from an impingement system . . . ." '624 patent, col. 8, ll. 49-50. The Court previously determined that the preamble limits claim 1, if at all, only to the extent that it states the environment (a "rifle") in which the invention operates. In the instant motion, Defendant argues that the preamble constitutes a separate claim limitation and seeks reconsideration of the Court's previous ruling that it does not.

Defendant relies on Judge Newman's recent dissenting opinion in *Marrin v. Griffin*, 599 F.3d 1290, 1299 (Fed. Cir. 2010) (noting that "for use" preamble language has been recognized as providing essential limitations in "countless" cases)[2] and on *Vizio, Inc. v. Int'l Trade Comm'n*, 605 F.3d 1330, 1340 (Fed. Cir. 2010) (holding that "for decoding" language in the preamble of two claims was "properly construed as a claim limitation, and not merely a statement of purpose or intended use for the invention, because 'decoding' is the essence or a fundamental characteristic of the claimed invention."), to support its argument that, even if the preamble to claim 1 states an intended use of the invention, the preamble is limiting because it identifies a fundamental characteristic of the claimed invention. However, neither decision altered the rule that, as to apparatus claims, preamble language reciting an intended use is ordinarily not limiting.[3] To support a departure from that rule, Defendant merely reiterates the arguments that the Court found unconvincing in its previous Order.

*Infringement*

"To prove infringement, the patentee must show that the accused device meets each claim

---

[2] *But see Marrin*, 599 F.3d at 1294 (noting that "use descriptions . . . are rarely treated as claim limitations.").

[3] *See Marrin*, 599 F.3d at 1294-95. *But see id.* at 1300 (Newman, J., dissenting).

limitation either literally or under the doctrine of equivalents." *Catalina Mktg. Int'l v. Coolsavings.com, Inc.*, 289 F.3d 801, 812 (Fed. Cir. 2002). The Court previously concluded that the SIG516 does not literally infringe claim 1 because the SIG516 does not have a bolt carrier key having a structure that enables it to be mounted to a separate bolt carrier. Plaintiff provides no reason to reconsider that conclusion. Accordingly, Defendant is entitled to summary judgment of non-infringement if the SIG516's integrated carrier key cannot meet the '624 patent's carrier key limitation under the doctrine of equivalents.

Because the doctrine of equivalents adds uncertainty to the scope of patent claims, "various rules of law have emerged to constrain when and how the doctrine of equivalents is to be applied." *Freedman*, 420 F.3d at 1358. The all-elements rule requires that infringement under the doctrine of equivalence be assessed on a limitation-by-limitation basis. *See Warner-Jenkinson*, 520 U.S. at 29 ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole.").

As a corollary of the all-elements rule, the claim-vitiation doctrine provides that "an element of an accused product or process is not, as a matter of law, equivalent to a limitation of the claimed invention if such a finding would entirely vitiate the limitation." *Freedman*, 420 F.3d at 1358 (citing *Warner-Jenkinson*, 520 U.S. at 29). "There is no set formula for determining whether a finding of equivalence would vitiate a claim limitation . . . . Rather, courts must consider the totality of the circumstances of each case and determine whether the alleged equivalent can be fairly characterized as an insubstantial change from the claimed subject matter without rendering the pertinent limitation

meaningless." *Freedman*, 420 F.3d at 1359. "Claim vitiation applies when there is a 'clear, substantial difference or a difference in kind' between the claim limitation and the accused product." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1355 (Fed. Cir. 2010) (quoting *Freedman*, 420 F.3d at 1360).[4] "It does not apply when there is a 'subtle difference in degree.'" *Id.* The doctrine of equivalents does not allow recapture of subject matter excluded by a deliberate claim-drafting decision. *Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1344 (Fed. Cir. 2006).

Upon further consideration, the Court agrees with Defendant that the SIG516's integrated carrier key cannot be the substantial equivalent of claim 1's carrier key. As noted, claim 1's carrier key's function of mounting (or its capacity of being mounted) directly to a separate bolt carrier is distinctly claimed and (as the specification demonstrates) essential to the accomplishment of a key objective of the invention. This is not a situation where an accused device lacks an insignificant (or inherent but otherwise unclaimed) function of a claim limitation, *see Toro*, 266 F.3d at 1371 ("[A]n accused device could conceivably lack an insignificant function of a single claim limitation and still be only insubstantially different than the claimed invention.") (quoting *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1380 (Fed. Cir. 2000)), or where a combination of components in the accused device performs a function performed by a single element in the patented

---

[4] *See, e.g., Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1106 (Fed. Cir. 2000) (minority, "the very antithesis of a majority," could not be insubstantially different from a a majority); *Asyst Techs., Inc. v. Emtrak, Inc.*, 402 F.3d 1188, 1195 (Fed. Cir. 2005) ("unmounted" could not be substantial equivalent to "mounted on" because "the term 'mounted' can fairly be said to specifically exclude objects that are 'unmounted'"); *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1425-26 (Fed. Cir. 1997) (elongated slot contained within body of container used for safe disposal of sharp medical instruments, rather than on top of container, did not infringe under doctrine of equivalents); *Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1345 (Fed. Cir. 2006) ("predetermined winning combination" limitation in a patent directed to a method of playing bingo, which required that the winning combination be known before the game began, could not be substantially equivalent to accused gaming method that did not determine winning combination until after the game began).

invention, *see Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 398 (Fed. Cir. 1994) ("An accused device may infringe under the doctrine of equivalents even though a combination of its components performs a function performed by a single element in the patented invention.") (citing *Intel Corp. v. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir.1991)), or one involving "small variations in the degree of achieving a claimed limitation," *Planet Bingo*, 472 F.3d at 1345.

The SIG516's integrated carrier key's structure excludes altogether the capacity to mount directly to a separate bolt carrier and thus the performance of an important functional requirement of the claim. *See Conopco, Inc. v. May Dep't Stores Co.*, 46 F.3d 1556, 1562 (Fed. Cir. 1994) ("The doctrine of equivalents cannot be used to erase 'meaningful structural and functional limitations of the claim on which the public is entitled to rely in avoiding infringement.'") (internal citations omitted). In sum, no reasonable jury could find that the SIG516's integral carrier key is substantially equivalent to claim 1's carrier key because such a finding would entirely vitiate the carrier key limitation ("bolt carrier key being configured to mount directly to a bolt carrier," '624 patent, col. 9, ll. 9-10).[5] Hence Plaintiff cannot satisfy the all-elements rule, and Defendant is entitled to

---

[5] In view of this conclusion, the Court need not address Defendant's contention that Plaintiff's theory of equivalence is barred by the disclosure dedication rule, pursuant to which "a patent applicant who discloses but does not claim subject matter has dedicated that matter to the public and cannot reclaim the disclosed matter under the doctrine of equivalents," *PSC Computer Prods., Inc. v. Foxconn Int'l, Inc.*, 355 F.3d 1353, 1355-56 (Fed. Cir. 2004). In addition to arguments previously raised, Plaintiff apparently contends that in a recent office action relating to the inventor's patent application No. 12/644,436 (the '436 application), which is apparently a continuation of application No. 12/218,676 (the '676 application), which in turn was a continuation in part of the application that became the '624 patent, *see* Dkts. 71-3 at 1; Dkt. 71-4 at 5-6, the patent examiner stated that the '436 application's specification does not disclose "the limitation of the bolt carrier key being integral with the bolt carrier." (Dkt. 71-4 at 5). Plaintiff argues that, inasmuch the '436 application incorporates verbatim the '624 patent's specification, the patent examiner's statement implies that the '624 patent's specification does not (contrary to this Court's previous determination [Dkt. 61 at 20]) disclose a carrier key integral with the bolt carrier and therefore the disclosure dedication rule is inapplicable. In fact, the patent examiner appears to have stated that the '676 application (not the '436 application) failed to provide adequate support or enablement under 35 U.S.C. ¶ 112 for "the limitation of the bolt carrier key being integral with the bolt carrier." (Dkt. 71-4 at 5). As Plaintiff's response does not include the '676 application and the specifications of the '676 and '436 applications are apparently not identical, *see* Dkt. 71-4 at 5 ("This application repeats a *substantial portion* of prior Application No. 12/218676 . . . .") (emphasis added),

summary judgment.

## *Conclusion*

For the foregoing reasons, Defendant's Motion for Summary Judgment of Non-Infringement (Dkt. 65) is **GRANTED** and Plaintiff's Complaint (Dkt. 1) is **DISMISSED** with prejudice.

The parties' Joint Motion to Continue Discovery and Claim Construction Deadlines (Dkt. 85) is **DENIED** as moot.

On or before **April 21, 2010**, the parties shall file a response to this Order addressing whether the Court should exercise its discretion under the Declaratory Judgment Act to dismiss Count II of Defendant's counterclaim without prejudice. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."); *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004) ("A district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice . . . .").

**DONE AND ORDERED** in chambers this __14th__ day of April, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

the Court is unable to compare (a) the '676 application's specification (which the examiner suggested did not disclose an integrated carrier key) with (b) the '624 patent's specification, with a view to determining whether the examiner's suggestion would apply equally to the latter. However, because infringement by equivalents is precluded under the all-elements rule, the inadequacy of the record in this regard does not preclude summary judgment and the Court need not address what deference, if any, the examiner's suggestion would warrant if supported by the record.